

**FILED**
VANESSA L. ARMSTRONG, CLERK

JUN 2 2 2016

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

UNITED STATES OF AMERICA

v.

SEAN P. MCDONALD

INFORMATION

NO. 5:16 CR-14-TBR

18 U.S.C. § 1343
18 U.S.C. §1035
21 U.S.C. § 843

The United States Attorney charges:

### COUNTS 1 - 4
(Wire Fraud)

From in or about and between February 2009, through in or about November 2010, in the Western District of Kentucky, McCracken County, Kentucky, and elsewhere, **SEAN P. MCDONALD**, the defendant, devised and intended to devise a scheme to defraud and to obtain money and property by false and fraudulent pretenses, representations and promises from Lourdes Hospital and Western Baptist Hospital, and for the purpose of executing said scheme, knowingly transmitted, by means of wire communication, signals and sounds in interstate commerce, to wit:

| Ct. | Date | Patient | Nature of Transaction |
|---|---|---|---|
| 1 | 04/24/2010 | E.J.C. | McDonald caused a request for payment to be sent from Western Baptist Hospital in Paducah, Kentucky, which caused an interstate wire communication from Paducah, Kentucky, to E.J.C.'s insurance carriers, Medicare and APWU Health Plan, located in Glen Burnie, Maryland. |

| Ct. | Date | Patient | Nature of Transaction |
|---|---|---|---|
| 2 | 06/11/2010 | B.Y. | McDonald caused a request for payment to be sent from Lourdes Hospital in Paducah, Kentucky, which caused an interstate wire communication from Paducah, Kentucky, to B.Y.'s insurance carriers, Medicare and Aetna, located in Hartford, Connecticut. |
| 3 | 08/13/2010 | B.J. | McDonald caused a request for payment to be sent from Western Baptist Hospital in Paducah, Kentucky, which caused an interstate wire communication from Paducah, Kentucky, to B.J.'s insurance carriers, Medicare and Blue Cross of Illinois, located in Chicago, Illinois. |
| 4 | 08/06/2010 | S.B. | McDonald caused a request for payment to be sent from Lourdes Hospital in Paducah, Kentucky, which caused an interstate wire communication from Paducah, Kentucky, to S.B.'s insurance carriers, Health Link and Illinois Medicaid, located in Chicago, Illinois. |

All in violation of Title 18, United States Code, Section 1343.

The United States Attorney further charges:

## COUNT 5
(False Statements Related to Health Care Matters)

Beginning in or about February 2009 and continuing thereafter until at least November 2010, in the Western District of Kentucky, McCracken County, Kentucky, and elsewhere, **SEAN P. MCDONALD**, defendant herein, knowingly and willfully made and caused to be made materially false, fictitious, and fraudulent statements and representations, and made and caused to be used materially false writings and documents knowing the same to contain materially false, fictitious, and fraudulent statements and entries, in connection with the delivery of and payment for health care benefits, items, and services, in that the defendant falsely indicated he provided medication to patients when he did not.

In violation of Title 18, United States Code, Section 1035.

2

The United States Attorney further charges:

### COUNT 6
(Possession of a Controlled Substance by Fraud)

Beginning on or about September 30, 2010 and continuing through at least October 2010, in the Western District of Kentucky, the defendant, **SEAN P. MCDONALD**, knowingly and intentionally obtained Diluadid, a Schedule II controlled substance, by misrepresentation, fraud, forgery, deception, or subterfuge in that the defendant unlawfully obtained controlled substances, in violation of his DEA registration, by misrepresenting that he was removing controlled substances to provide to patient N.W. when in fact he never provided the controlled substances to the patient.

In violation of Title 21, United States Code, Section 843(a)(3).

The United States Attorney further charges:

### COUNT 7
(Possession of a Controlled Substance by Fraud)

Beginning on or about August 10, 2010 and continuing through at least August 13, 2010, in the Western District of Kentucky, the defendant, **SEAN P. MCDONALD**, knowingly and intentionally obtained Diluadid, a Schedule II controlled substance, by misrepresentation, fraud, forgery, deception, or subterfuge in that the defendant unlawfully obtained controlled substances, in violation of his DEA registration, by misrepresenting that he was removing controlled substances to provide to patient E.C. when in fact he never provided the controlled substances to the patient.

In violation of Title 21, United States Code, Section 843(a)(3).

The United States Attorney further charges:

## COUNT 8
(Possession of a Controlled Substance by Fraud)

Beginning on or about April 6, 2010 and continuing through at least November 2010, in the Western District of Kentucky, the defendant, **SEAN P. MCDONALD**, knowingly and intentionally obtained Diluadid, a Schedule II controlled substance, by misrepresentation, fraud, forgery, deception, or subterfuge in that the defendant unlawfully obtained controlled substances, in violation of his DEA registration, by misrepresenting that he was removing controlled substances to provide to patient K.L. when in fact he never provided the controlled substances to the patient.

In violation of Title 21, United States Code, Section 843(a)(3).

The United States Attorney further charges:

## COUNT 9
(Possession of a Controlled Substance by Fraud)

Beginning on or about August 13, 2010 and continuing through at least September 20, 2010, in the Western District of Kentucky, the defendant, **SEAN P. MCDONALD**, knowingly and intentionally obtained Diluadid, a Schedule II controlled substance, by misrepresentation, fraud, forgery, deception, or subterfuge in that the defendant unlawfully obtained controlled substances, in violation of his DEA registration, by misrepresenting that he was removing controlled substances to provide to patient B.J. when in fact he never provided the controlled substances to the patient.

In violation of Title 21, United States Code, Section 843(a)(3).

The United States Attorney further charges:

## COUNT 10
(Possession of a Controlled Substance by Fraud)

Beginning on or about July 5, 2010 and continuing through at least September 20, 2010, in the Western District of Kentucky, the defendant, **SEAN P. MCDONALD**, knowingly and intentionally obtained Diluadid, a Schedule II controlled substance, by misrepresentation, fraud, forgery, deception, or subterfuge in that the defendant unlawfully obtained controlled substances, in violation of his DEA registration, by misrepresenting that he was removing controlled substances to provide to patient C.M. when in fact he never provided the controlled substances to the patient.

In violation of Title 21, United States Code, Section 843(a)(3).

The United States Attorney further charges:

## COUNT 11
(Possession of a Controlled Substance by Fraud)

Beginning on or about August 6, 2010 and continuing through at least September 20, 2010, in the Western District of Kentucky, the defendant, **SEAN P. MCDONALD**, knowingly and intentionally obtained Diluadid, a Schedule II controlled substance, by misrepresentation, fraud, forgery, deception, or subterfuge in that the defendant unlawfully obtained controlled substances, in violation of his DEA registration, by misrepresenting that he was removing controlled substances to provide to patient S.B. when in fact he never provided the controlled substances to the patient.

In violation of Title 21, United States Code, Section 843(a)(3).

The United States Attorney further charges:

## COUNT 12
(Possession of a Controlled Substance by Fraud)

Beginning on or about June 11, 2010 and continuing through at least July 12, 2010, in the Western District of Kentucky, the defendant, **SEAN P. MCDONALD**, knowingly and intentionally obtained Diluadid, a Schedule II controlled substance, by misrepresentation, fraud, forgery, deception, or subterfuge in that the defendant unlawfully obtained controlled substances, in violation of his DEA registration, by misrepresenting that he was removing controlled substances to provide to patient B.Y. when in fact he never provided the controlled substances to the patient.

In violation of Title 21, United States Code, Section 843(a)(3).

*[signature]* Acting
JOHN E. KUHN, JR.
UNITED STATES ATTORNEY

JEK:LJW:SH:201600526

6

UNITED STATES OF AMERICA v. SEAN P. MCDONALD
## PENALTIES

Counts 1-4: NM 20yrs./$250,000/both/NM 3yrs. Supervised Release
Count 5: NM 5yrs./$250,000/both/NM 3yrs. Supervised Release
Count 6-12: NM 4yrs./$250,000/both/NM 3yrs. Supervised Release

## NOTICE

**ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.**

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

| | | | |
|---|---|---|---|
| Misdemeanor: | $ 25 per count/individual | Felony: | $100 per count/individual |
| | $125 per count/other | | $400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due _immediately_ unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following:**

1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

   For offenses occurring after December 12, 1987:

   No **INTEREST** will accrue on fines under $2,500.00.

   **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

   **PENALTIES** of:

   10% of fine balance if payment more than 30 days late.

   15% of fine balance if payment more than 90 days late.

2. Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3. Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613

   If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law. 18 U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1. That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2. Give bond for payment thereof.

18 U.S.C. § 3572(g)

PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

| | |
|---|---|
| LOUISVILLE: | Clerk, U.S. District Court<br>106 Gene Snyder U.S. Courthouse<br>601 West Broadway<br>Louisville, KY 40202<br>502/625-3500 |
| BOWLING GREEN: | Clerk, U.S. District Court<br>120 Federal Building<br>241 East Main Street<br>Bowling Green, KY 42101<br>270/393-2500 |
| OWENSBORO: | Clerk, U.S. District Court<br>126 Federal Building<br>423 Frederica<br>Owensboro, KY 42301<br>270/689-4400 |
| PADUCAH: | Clerk, U.S. District Court<br>127 Federal Building<br>501 Broadway<br>Paducah, KY 42001<br>270/415-6400 |

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.