UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:16-CR-14-TBR

**UNITED STATES OF AMERICA**                                                         **PLAINTIFF**

**V.**

**SEAN P. McDONALD**                                                                   **DEFENDANT**

### ORDER

This case was called in open Court on **June 30, 2016, for an arraignment and change of plea hearing on an information.** Appearing for the United States was Lettricea Jeffeson-Webb and Seth A. Hancock, Assistant United States Attorney. The Defendant, Sean P. McDonald, was present with retained counsel, Gorman Bradley, Jr.

Dena Legg, Official Court Reporter, recorded the proceedings in the Official Court Record.

As to the matter of arraignment, the Defendant, by counsel, acknowledged his identity, acknowledged that he had received a copy of the Information, including the Penalties Page, and acknowledged that he understood the nature of the charges against him. The Court advised the Defendant of the potential penalties associated with each of the Counts of the Information. The Defendant waived further formal arraignment.

A Waiver of Indictment was signed by the Defendant and filed in open Court.

The Defendant signed a $25,000 unsecured bond with an order setting conditions of release.

The Defendant, by counsel, advised the Court of his desire to withdraw his previously entered pleas of not guilty and enter pleas of guilty as to each of **Counts 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, and 12 of the Information, pursuant to a Rule 11(c)(1)(B) plea agreement.**

The Court having found the Defendant competent to enter the pleas; having found the pleas to be knowing, voluntary and with the advice of counsel; having advised the Defendant of his constitutional rights and the Defendant having advised the Court he understood and waived those rights; having advised the Defendant he would not be allowed to withdraw his pleas; and having established a factual basis for the pleas,

**IT IS HEREBY ORDERED** that the Court accepts the Defendant's **plea of guilty** as to each of **Counts 1-12 of the Information**, pursuant to a Rule 11(c)(1)(B) plea agreement executed by all parties to this action.  The **plea supplement** shall be **filed under seal.**

In order to proceed under the Sentencing Reform Act of 1984 (Pub. L. 98-473, Title II, c. 2, Sections 211-239), 18 U.S.C. Sections 3551-3559,

**IT IS HEREBY FURTHER ORDERED** as follows:

1.   **Sentencing proceedings** are set in this case on the 26th **day of September, 2016, at 11:45 AM Central**, U.S. Courthouse, Paducah, Kentucky.

2.   At least thirty-five (35) days before the date set for sentencing, the Probation Officer shall provide a copy of the Presentence Investigation Report to the defendant and to counsel for both the defendant and the United States. Within fourteen (14) days after receiving the PSR, counsel must state, in writing, to the Probation Office and to opposing counsel any objections they may have as to any material information, sentencing classifications, sentencing guideline ranges, and policy statements contained in or omitted from the Report.

3.   After receiving counsel's objections, the Probation Officer shall conduct any further investigation and make any revisions to the Presentence Report that may be necessary.  The Probation Officer may require counsel for

both parties to meet with the officer to discuss unresolved factual and legal issues.

4.   At least days before the sentencing hearing, the Probation Officer shall submit the Presentence Report to the sentencing Judge.  The Report shall be accompanied by the written objections of counsel, and by an addendum setting forth any objections counsel may have made that have not been resolved, together with the officer's comments thereon.  The Probation Officer shall provide a copy of any addendum to the Presentence Investigation Report, including any revisions thereof, to the defendant and to counsel for the defendant and the United States.

5.   At least twenty-one (21) days before the sentencing hearing, the parties shall communicate with each other to discuss the scope of the sentencing hearing and make certain disclosures.  Each party shall disclose to the other if it intends to argue for a non-guideline sentence.  The parties shall disclose whether they intend to call witnesses at the hearing and if so, the nature of the testimony shall be revealed.  The parties shall disclose the identity of any expert witness and exchange a written summary of the witness's opinions, the bases and reasons for the opinions, and the witness's qualifications.

For any sentencing in which testimony is expected, the parties shall estimate the length of time required for the sentencing hearing and communicate same to Kelly P. Harris, Case Manager for Judge Russell.

6.   At least ten (10) days before the sentencing hearing, the parties shall file a Sentencing Memorandum in support of their respective positions on any unresolved objections to the Presentence Investigation Report, including any objections to the calculation of the advisory sentencing guidelines contained

therein.  Furthermore, in the event a non-guideline sentence is advocated, the Sentencing Memorandum shall address the factors of 18 U.S.C. ' 3553(a).

7. Except with regard to any objection made under Number 4 above that has not been resolved, the Report of the Presentence Investigation may be accepted by the Court as accurate.  The Court, however, for good cause shown, may allow new objections to be raised at any time before the imposition of sentence.  In resolving disputed issues of fact, the Court may consider any reliable information presented by the Probation Officer, the defendant or the United States.

8. The time set forth in this Order may be modified by the Court for good cause shown, except that the ten (10) day period provided for disclosure of the Presentence Report pursuant to 18 U.S.C. Section 3552(d) may be diminished only with the consent of the defendant.

9. Nothing in this Order requires the disclosure of any portions of the Presentence Report that are not disclosable under Criminal Rule 32(c).

10. The Presentence Report shall be deemed to have been disclosed:

   a. When the Report is physically delivered to counsel;

   b. One day after the Report's availability is orally communicated to counsel; or

   c. Three (3) days after notice of its availability is mailed to counsel, or the date of availability reflected in the notice, whichever is later.

11. It shall be the responsibility of counsel for the defendant to disclose the Report to the defendant.

12. The general conditions of probation as set forth in Probation Form

7A shall apply to the defendant if placed on probation or supervised release, and all persons placed on probation or supervised release shall submit to photographs by the Probation Officer as a condition of probation or supervised release.

**IT IS FINALLY ORDERED** that the Defendant shall be allowed to remain released on an $25,000 unsecured bond pending further order of the Court.

Copies to:   Counsel of Record
             U.S. Probation

P|35